UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLENE OLIVER,<br><br>                                Plaintiff(s),<br><br>     v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>                                Defendant(s). | Case No. 2:15-CV-204 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Geico General Insurance Co.'s ("Geico") motion to bifurcate. (Doc. # 17). Plaintiff Charlene Oliver filed a response (doc. # 18) and defendant filed a reply (doc. # 19).

**I.     Background**

The instant action is for underinsured motorist benefits by plaintiff. Plaintiff's claims arise out of a motor vehicle accident. On May 9, 2011, an adverse driver rear ended plaintiff at a traffic light. (Doc. # 1-1 at 6). Plaintiff alleges she suffered injuries as a result of the accident.

At the time of the accident the adverse driver had an insurance policy with Nevada General Insurance Company ("Nevada General"), which provided bodily injury coverage of $15,000 per person and $30,000 per accident. Plaintiff also held her own uninsured/underinsured motorist ("UIM") policy with Geico for $15,000 per person and $30,000 per accident. Plaintiff's insurance policy also provided for payment of certain medical expenses. (Doc. # 17 at 4).

On March 21, 2014, plaintiff settled her claims against the adverse driver for a total of $15,000. (Doc. # 17 at 4). On March 28, 2014, plaintiff made a claim for her full $15,000 UIM policy with Geico. (Doc. # 1-1 at 6). Geico responded that plaintiff was not entitled to payment

**James C. Mahan**
**U.S. District Judge**

1  of the full amount of her policy. (*Id.* at 9). Geico offered plaintiff a $4,000 settlement, which
2  plaintiff rejected. (*Id.* at 9).

3   Plaintiff initiated the instant action in the Eighth Judicial District Court for Clark County,
4  Nevada on January 5, 2015. (*Id.*). Plaintiff asserts causes of action for (1) breach of contract; (2)
5  breach of the covenant of good faith and fair dealing; (3) breach of fiduciary duty; and (4) bad
6  faith. (*Id.*). Plaintiff also requests "punitive and exemplary damages" and attorneys' fees. (*Id.* at
7  10).

8  **II.   Legal standard**

9   Federal Rule of Civil Procedure 42(b) grants courts the authority to "order a separate trial
10 of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Courts
11 may order separate trials to achieve "convenience, to avoid prejudice, or to expedite and
12 economize" the proceedings. *Id.* Decisions regarding bifurcation are left to the trial court's
13 discretion. *Hirst v. Gertzen,* 676 F.2d 1252, 1261 (9th Cir. 1982).

14   Bifurcation is appropriate when it simplifies the issues for the jury and avoids the danger
15 of unnecessary jury confusion. *Id.* Bifurcation is particularly appropriate when resolution of a
16 claim or issue might dispose of the entire case. *See O'Malley v. U.S. Fidelity & Guaranty Co.,* 776
17 F.2d 494, 501 (5th Cir. 1985) (bifurcation was proper because resolution of contractual claim
18 disposed of bad faith claims).

19 **III.  Discussion**

20   As an initial matter, Geico asserts that its liability on the contractual claim is a necessary
21 prerequisite for its liability on the bad faith claims. (Doc. # 17 at 6). Plaintiff responds that
22 defendant's assertion is incorrect as the bad faith claims are independent of the breach of contract
23 claim. (Doc. # 18 at 2).

24   Geico cites to *Martin v. State Farm Ins. Co.*, 960 F. Supp. 233 (D. Nev. 1997), and another
25 District of Nevada case that relied on *Martin*, for its proposition that a bad faith claim does not
26 occur until after the contract claim has been settled. However, Nevada does not require that a
27 plaintiff establish success on a contractual claim prior to proceeding with a bad faith claim. *See,*
28 *e.g.*, *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 955 n.2 (Nev. 1998).

**James C. Mahan**
**U.S. District Judge**

In *Martin* a court in this district explained that many courts have held that bad faith claims against an insurer arising from a dispute over UIM coverage either do not exist, or must be held in abeyance until the contractual coverage claim is resolved. *Martin*, 960 F. Supp. at 236. However, in *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 955 n.2 (Nev. 1998), the Nevada Supreme Court addressed this precise issue and voiced its disagreement with one of the cases relied upon by the court in *Martin*.

The *Wohlers* court found that, although some jurisdictions have adopted the directed verdict rule, majority rule is that "a plaintiff need not establish that it is entitled to a directed verdict on the contract claim in order to establish a prima facie bad faith claim." *Id*. The court held that the majority rule represented the "more reasoned approach," and declined to adopt the directed verdict rule. *Id.*; *see also Drennan v. Maryland Cas. Co*, 366 F. Supp. 2d 1002, 1006 (D. Nev. 2005) (acknowledging that since the *Martin* decision, the Nevada Supreme Court had held a plaintiff need not establish he is entitled to a directed verdict on the contract claim to establish a prima facie bad faith claim). Accordingly, Geico's argument that its liability on the contractual claim is a necessary prerequisite for its liability on the bad faith claims is without merit.

The court now turns to the three Rule 42(b) factors to determine whether bifurcation is more convenient, avoids prejudice, or will expedite and economize the proceedings. *See* Fed. R. Civ. P. 42(b).

Geico argues that it does not make sense to try an insurance breach of contract claim with bad faith claims because the presentation of evidence on the bad faith claims is "completely wasteful and unnecessary if the plaintiff insured does not prevail on her breach of contract claim." (Doc. # 17 at 7). Therefore, Geico argues that it is more expedient to try the contractual claim first, as a verdict in favor of Geico will negate the need to try the bad faith claim.

Plaintiff asserts that all the claims require the same evidence and same witnesses. (Doc. # 18 at 2). Therefore, defendant asserts that the parties would essentially be trying the same case twice, defeating the purpose of judicial economy. (Doc. # 18 at 2). The court agrees.

As discussed previously, contractual liability is not necessary for plaintiff to proceed with her bad faith causes of action. Therefore, the breach of contract issue is not dispositive of the

James C. Mahan
U.S. District Judge

1  entire case. Moreover, bifurcation would require the parties to present the same evidence, call the
2  same witnesses, and pay the same expert witness fees twice. The court finds that the convenience
3  and efficiency factors favor a unified trial.
4  Geico argues that trying the claims together will confuse the jury and prejudice Geico.
5  (Doc. # 19 at 9). Geico asserts that requiring a jury to sort through all of the evidence of how
6  Geico handled plaintiff's insurance claim in addition to deciding whether plaintiff is deserving of
7  any policy benefits is potentially overwhelming based on the nature of the medical evidence,
8  medical records, and testimony of physicians. (Doc. # 19 at 9).
9  Defendant offers no compelling reasons for the court to doubt the jury's capability to
10 handle the potential evidence in this case. Further, this court has declined to find prejudice in
11 factually similar scenarios. *See, e.g.*, *Young ex rel. Broughton v. Mercury Cas. Co.*, No. 2:09-cv-
12 02399 JCM-LRL, 2010 WL 2757291, at *1 (D. Nev. July 8, 2010) (finding a unified trial in a UIM
13 bad faith and breach of contract case would not prejudice the defendant); *Sherwin v. Infinity Auto*
14 *Ins. Co.*, No. 2:11-cv-00043-JCM-VCF, 2012 WL 600812, at *2 (D. Nev. Feb. 23, 2012) (same).
15 As in those cases, the court finds that a unified trial would not prejudice the defendant here.

16 **IV.  Conclusion**

17 Accordingly,

18 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Geico
19 General Insurance Co.'s motion to bifurcate (doc. # 17) be, and the same hereby is DENIED.

20 DATED July 2, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -